UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ROBERT J. SMITH, JR., Individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., <br><br> Plaintiff, <br><br> MERCK & CO., INC., also d/b/a MERCK, SHARP AND DOHME and d/b/a MSD SHARP & DOHME GmbH, CVS EDWARDSVILLE IL, L.L.C., d/b/a CVS PHARMACY, G.D. SEARLE LLC, PHARMACIA CORPORATION, MONSANTO COMPANY, PFIZER INC., <br><br> Defendants. | JURY TRIAL DEMANDED ON ALL COUNTS <br><br> Cause No. 3:06-cv-00964-DRH-CJP |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Merck & Co, Inc. ("Merck"), improperly referred to by plaintiff as "Merck & Co., Inc., also d/b/a Merck, Sharp and Dohme and d/b/a MSD Sharp & Dohme GmbH," through undersigned counsel, hereby removes the state court action entitled *Robert J. Smith, Jr., Individually and as Special Administrator of the Estate of Robert J. Smith, Sr. v. Merck & Co., Inc. et al.*, Civil Action No. 06-L-882, filed in the Circuit Court of Madison County in the State of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1.  This is one of numerous lawsuits that have been filed in both federal and state courts around the country concerning the pharmaceutical Vioxx®. On October 22, 2004, in an effort to coordinate the discovery and pretrial administration of this potentially large litigation, Merck filed a motion with the Judicial Panel of Multidistrict Litigation ("the Panel") seeking transfer under 28 U.S.C. § 1407 of the 79 Vioxx product liability cases then pending in federal court to one court for coordinated proceedings. In addition, over two dozen different

2467151

plaintiffs' counsel filed papers seeking MDL coordination of their cases. On February 16, 2005, the Panel entered an order establishing MDL-1657 and ordering the transfer of more than 140 cases, and noting that another "nearly 300 potentially related actions pending in multiple federal districts" will be treated as potential tag-along actions. The Court further found specifically that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and that motions to remand in "MDL-1657 actions can be presented to and decided by the transferee judge." *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

2. Merck intends to seek the inclusion of this case within the MDL proceedings.

3. On or about September 29, 2006, plaintiff filed this action against Merck and other defendants by filing a complaint in the Circuit Court of Madison County, in the State of Illinois, bearing Number 06-L-882. A copy of the Complaint is attached hereto as Exhibit 1.

4. In this action, plaintiff alleges that decedent suffered a variety of serious injuries as a result of taking Vioxx and Celebrex®. (Comp. ¶¶ 1, 150.) Plaintiff's key contention is that these drugs are defective in design, dangerous to human health, and that the defendants failed to warn properly of the dangers associated with their use. (*Id.* ¶¶ 11, 12, 21, 22, 25, 29, 62, 64, 75, 114, 171, 184.)

5. Merck has not been served with the Complaint in this case more than 30 days prior to the date of this filing. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.

6. As described below, Pfizer Inc. ("Pfizer"), G.D. Searle LLC ("Searle") and Pharmacia Corporation ("Pharmacia") f/k/a Monsanto Company that was organized in 1933

(improperly captioned in Plaintiff's Complaint as "Monsanto Company") have consented in this removal. CVS Edwardsville IL, L.L.C. d/b/a CVS Pharmacy ("CVS") has not been served so it need not consent to the removal.

7. No further proceedings have been had in the state court action.

8. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

### A. Amount In Controversy

9. It is apparent from the face of the Complaint that plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff, in this case, brings thirty-nine different claims against Merck and other defendants. Plaintiff's key allegations are that Vioxx and Celebrex are defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with their use. (Comp. ¶¶ 11, 12, 21, 22, 25, 29, 62, 64, 75, 114, 171, 184.) Plaintiff alleges that decedent suffered a heart attack, cardiac injury and vascular injury that lead to his death as a result of taking Vioxx and Celebrex®. (*Id.* at ¶¶ 16, 159.) Nowhere in the Complaint does plaintiff limit the amount in controversy to less than $75,000. For each of his thirty-nine claims, plaintiff seeks "general damages in the sum in excess of the jurisdictional minimum amount of this Court," compensatory damages, consequential damages, costs, and any other available relief. (*Id.* at "Prayer for Relief as to All Counts").

10. If liability is established, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability claims in Illinois, where as here, plaintiff alleges serious injuries. *See, e.g., Hansen v. Baxter Healthcare Corp.*, 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn*, 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993). Based on plaintiff's allegations of personal and economic injuries, the finder of fact could easily conclude that plaintiff is entitled to damages in excess of $75,000, and Merck has met its burden of showing that the jurisdictional amount is satisfied. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim … he would be entitled to less than … [the] jurisdictional minimum"); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439.

11. Moreover, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging injuries caused by Vioxx. *See, e.g., Morgan v. Merck & Co.*, No. 3:03cv435WS (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*, Civ. No. 02-00186 (D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual damages for injuries caused by Vioxx, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

### B.    Complete Diversity Of Citizenship

12.    There is complete diversity between plaintiff, on the one hand, and Merck (a citizen of New Jersey), Pfizer (a citizen of Delaware and New York), Pharmacia f/k/a Monsanto Company that was organized in 1933 (improperly captioned in Plaintiff's Complaint as "Monsanto Company") (a citizen of Delaware and New Jersey), Searle (a citizen of Delaware and New Jersey), and CVS (a citizen of Rhode Island). Plaintiff affirmatively admits that he is a citizen of the State of Illinois. (Comp. ¶ 1.)

13.    Merck is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey, and, therefore, is a citizen of the State of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 2.

14.    Pfizer is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New York, and, therefore, is a citizen of the State of Delaware and the State of New York for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 155.

15.    In 1933, an entity known as Monsanto Company was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of the 1933 Monsanto Company merged with Pharmacia & Upjohn, Inc., and Monsanto Company changed its name to Pharmacia Corporation. Assuming this is the entity plaintiff is suing, it does not defeat diversity as Pharmacia is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware, with its principal place of business in New Jersey, and, thus, for jurisdictional purposes, is a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 154.

16.     Pharmacia is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey, and, therefore, is a citizen of the State of Delaware and the State of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 153.

17.     Searle is, and was at the time plaintiff filed this action, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey and, thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey.  *See Cosgrove v. Bartolotta.*, 150 F.3d 729, 731 (7th Cir. 2004) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizen of its members").

18.     CVS Edwardsville IL, L.L.C. d/b/a CVS Pharmacy ("CVS") is, and was at the time plaintiff filed this action, a limited liability company that merged into Highland Park CVS, LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) CVS Pharmacy, Inc. which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Rhode Island, having its principle place of business in the State of Rhode Island.  Thus, for jurisdictional purposes, CVS is a citizen of Rhode Island.  Attached hereto as Exhibit 2 is an affidavit verifying the citizenship of CVS.  *See Id.* ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizen of its members").

## II.     MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

19.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

20. The United States District Court for the Southern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of Illinois pursuant to 28 U.S.C. §§ 93(c) and 1441(a).

21. Merck has obtained the consents of Pfizer, Searle, and Pharmacia f/k/a Monsanto Company that was organized in 1933 (improperly captioned in Plaintiff's Complaint as "Monsanto Company") attached hereto as Exhibit 3. CVS has not been served; therefore its consent need not be obtained to effectuate removal.

22. Pursuant to 28 U.S.C. § 1446(d), Merck is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of St. Clair County, in the State of Illinois, bearing Number 06-L-882, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Randy Soriano

Dan H. Ball #06192613
Robert T. Ebert, Jr. #06197650
Stephen G. Strauss #06278807
Randy J. Soriano #06279439
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 20, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Randy Horn*