understandable warnings that were adequate to convey and alert Plaintiff the severity of

the risks and serious thrombotic cardiovascular side effects of Vioxx ingestion;

k.     Defendant negligently failed to take any reasonable precautions or

exercise reasonable care to warn Plaintiff of the potential risks and serious thrombotic and

cardiovascular side effects of Vioxx ingestion;

l.     Defendant negligently failed to take any reasonable precautions or

exercise reasonable care to warn Plaintiffs health care providers of the potential risks and

serious thrombotic and cardiovascular side effects of Vioxx ingestion;

m.     Defendant negligently failed to take any reasonable precautions or

exercise reasonable care to warn the health care industry of the potential risks and serious

thrombotic and cardiovascular side effects of Vioxx ingestion;

n.     Defendant negligently failed to provide adequate post-marketing

warnings or instructions after the Defendant knew or should have known of the significant

risks of personal injury and death as identified herein among other serious side effects

from the use of Vioxx;

o.     Defendant negligently failed to warn Plaintiff that Vioxx should not

be used in conjunction with any risk factors for these adverse events such as a family

history of ischemic heart disease, or risk factors for ischemic cardiovascular disease; and,

p.     Defendant negligently failed to warn Plaintiff that they undertook

the risk of adverse events and death relating to Vioxx as described herein.

76.     The Defendant's acts of negligence, as described above but not limited to these

specific acts, proximately caused the Plaintiff's Decedent's injuries and the occurrence in question.

77.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 4 -NEGLIGENCE AND GROSS NEGLIGENCE-

## AGAINST MERCK

### (Survival Act)

COMES NOW Plaintiff and for Count Four of the Complaint against Defendant Merck, alleges:

78.    Plaintiff adopts by reference the allegations contained and set forth above.

79.    As a direct and proximate result of the defect of the Vioxx herein manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed injuries resulting in decedent's death on February 21, 2002.

80.    Decedent incurred great conscious pain and suffering which resulted in severe injuries to and death to Decedent.

81.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

82.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator

of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the

"Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate

of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount

in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

<u>COUNT 5 - NEGLIGENCE- SALE OF PRODUCT-</u>

<u>AGAINST MERCK</u>

**(Wrongful Death Act)**

COMES NOW Plaintiff and for Count Five of the Complaint against Defendant

Merck allege:

83.     Plaintiff adopts by reference the allegations contained and set forth above.

84.     Defendants, during some or all relevant times, manufactured, sold, marketed, and/ or distributed Vioxx that was supplied to the Plaintiff's Decedent for use.

85.     The Defendant had the duty, as product sellers, to exercise reasonable care for the safety of the Plaintiff's Decedent.

86.     These duties included the responsibility for the following safety and health matters relating to Vioxx:

   a. the investigation of the health risks;

   b. writing and publishing adequate and timely precautionary product labels and other health and safety information;

   c. writing and publishing adequate and timely specifications and standards about the true risks of injury associated with the products;

Smith 06-L-_____<br>Page 30 of 78

d. writing and publishing adequate and timely specifications and standards about the symptoms of such injuries;

e. writing and publishing adequate and timely specifications and standards about the scope of such injuries;

f. writing and publishing adequate and timely specifications and standards about the severity of the known risks associated with the products.

87.    The Defendants knew, or in the exercise of reasonable care should have known, that Vioxx would cause adverse cardiovascular effects to its consumers like the Plaintiff's Decedent.

88.    The Defendants breached its duty of reasonable care to the Plaintiff's Decedent and was negligent, without regard to whether the acts were intentional, knowing, malicious, or reckless.

89.    Defendants' negligent acts and omissions were the direct and proximate causes of the occurrence in question and Plaintiff's Decedent's injuries and damages.

90.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 6 - NEGLIGENCE- SALE OF PRODUCT-
## AGAINST MERCK

Smith 06-L-_____
Page 31 of 78

**(Survival Act)**

COMES NOW Plaintiff and for Count Six of the Complaint against Defendant Merck, alleges:

91.     Plaintiff adopts by reference the allegations contained and set forth above.

92.     As a direct and proximate result of the defect of the Vioxx herein manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed injuries resulting in decedent's death on February 21, 2002.

93.     Decedent incurred great conscious pain and suffering which resulted in severe injuries to and death to Decedent.

94.     Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

95.     The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 7 - BREACH OF WARRANTIES (EXPRESS and IMPLIED)

## AGAINST MERCK

**(Wrongful Death Act)**

COMES NOW Plaintiff and for Count Seven of the Complaint against Defendant Merck, alleges:

Smith 06-L-_____
Page 32 of 78

96.    The Plaintiff re- alleges and incorporates the foregoing allegations.

97.    Merck through descriptions, affirmations of fact, and promises relating to their Vioxx drugs to the FDA, prescribing physicians, and the general public, including the Plaintiff, expressly warranted that Vioxx was both safe and efficacious for its intended use.

98.    These warranties came in the form of:

a.    Publicly made written and verbal assurances of the safety and efficacy of Vioxx by Merck;

b.    Press releases, interviews and dissemination via the media of promotional information, for the sole purpose of which was to create an increased demand for Vioxx, which failed to warn of the risks inherent to the ingestion of Vioxx;

c.    Verbal assurances made by Merck regarding Vioxx and the downplaying of any risk associated with the drug;

d.    False and misleading written information, supplied by Merck, and published in the Physician's Desk Reference on an annual basis, upon which physicians were forced to rely in prescribing Vioxx during the period of Plaintiff's ingestion of Vioxx including, but not limited to, information relating the recommended duration of the use of the drugs;

e.    Promotional pamphlets and brochures published and distributed by Merck and marketed directly to consumers, which contradicted the information that was set forth in the package insert and the Physician's Desk Reference; and

f. Advertisements, including but not limited to direct to consumer

Smith 06-L-_____
Page 33 of 78

advertising.

99.    The documents referred to above were created by and at the direction of Defendant.

100.    At the time of these express warranties, Merck had knowledge of the purpose for which Vioxx was to be used and warranted it to be in all aspects safe, effective and proper for such purpose, when indeed it was not.

101.    Merck knew and had reason to know that Vioxx did not conform to these express representations in that Vioxx is neither safe nor as effective as represented, and that Vioxx produces serious adverse side effects.

102.    As such, Merck's products were neither in conformity to the promises, descriptions or affirmations of fact made about Vioxx nor adequately contained, packaged, labeled or fit for the ordinary purpose for which these goods were sold and used.

103.    Merck breached these express warranties to Plaintiff in violation of the applicable provisions of the Uniform Commercial Code by:

    a.    Manufacturing, marketing, packaging, labeling and selling Vioxx to Plaintiff in such a way that misstated the risks of injury, without warning or disclosure thereof by package or label of such risks to the Plaintiff or the prescribing physicians or pharmacist, and without modifying or excluding such express warranties;

    b.    manufacturing, marketing, packaging, labeling, advertising and selling Vioxx to Plaintiff, which failed to counteract the negative health effects and increased risks in a safe and permanent manner; and

c.    manufacturing, marketing, packaging, labeling, advertising, promoting and selling Vioxx to Plaintiff, thereby causing the increased risk of serious physical injury and death, pain and suffering.

104.    Merck was or should have been in possession of evidence demonstrating that Vioxx causes serious side effects. Nevertheless, Merck continued to market Vioxx by providing false and misleading information without regard to the safety and efficacy of Vioxx.

105.    Merck's actions, as described above, were performed willfully, intentionally and with reckless disregard for the rights of Plaintiff and the public.

106.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 8 - BREACH OF WARRANTIES (EXPRESS and IMPLIED)

### AGAINST MERCK

#### (Survival Act)

COMES NOW Plaintiff and for Count Eight of the Complaint against Defendant Merck, alleges:

107.    Plaintiff adopts by reference the allegations contained and set forth above.

108.    As a direct and proximate result of the defect of the Vioxx herein manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed

injuries resulting in decedent's death on February 21, 2002.

109.    Decedent incurred great conscious pain and suffering which resulted in severe injuries to and death to Decedent.

110.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

111.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 9 - COMMON LAW FRAUD

## - AGAINST MERCK

### (Wrongful Death Act)

COMES NOW Plaintiff and for Count Nine of the Complaint against Defendants Merck alleges:

112.    Plaintiff adopts by reference the allegations contained and set forth above.

113.    Defendants, at all relevant times, made false representations and omissions to Plaintiff's Decedent and other members of the public, including but not limited to, that Vioxx was safe, had been adequately tested to determine safety, and did not present life-threatening dangers.

114.    These representations and omissions, as set forth in the above paragraphs, were false. The true facts were that Vioxx were not safe, had not been adequately tested, and

had dangerous and life-threatening side effects.

115.    When Defendants made the representations, it knew them to be false, and said representations were made by Merck with the intent to deceive Plaintiff's Decedent and/or the prescribing physicians and with the intent to induce Plaintiff's Decedent to use the Vioxx manufactured by Merck.

116.    Plaintiff's Decedent and/or the physicians reasonably relying upon the false representations and omissions, Plaintiff's Decedent's physicians prescribed Vioxx, Plaintiff's Decedent used Vioxx.  Plaintiff's Decedent would not have done so if he had known the true facts.  In using Vioxx, Plaintiff's Decedent exercised ordinary care.

117.    As a direct and proximate result of the aforesaid fraudulent conduct, Defendants caused Plaintiff's Decedent to suffer the damages and injuries herein alleged.

118.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 10 - COMMON LAW FRAUD

## - AGAINST MERCK

### (Survival Act)

COMES NOW Plaintiff and for Count Ten of the Complaint against Defendant Merck, alleges:

119.    Plaintiff adopts by reference the allegations contained and set forth above.

120.    As a direct and proximate result of the defect of the Vioxx herein

manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed

injuries resulting in decedent's death on February 21, 2002.

121. Decedent incurred great conscious pain and suffering which resulted in severe

injuries to and death to Decedent.

122. Said claim for damages is survived by Decedent's Estate and is in excess of

FIFTY THOUSAND DOLLARS ($50,000.00).

123. The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator

of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the

"Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate

of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an

amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 11 - NEGLIGENT MISREPRESENTATION – AGAINST MERCK

### (Wrongful Death Act)

COMES NOW Plaintiff and for Count Eleven of the Complaint against

Defendant Merck, alleges:

124. The Plaintiff re-alleges and incorporates the foregoing allegations.

125. Merck misrepresented to Plaintiff and/or Plaintiff's treating physicians the

potential serious cardiovascular findings that were observed in the VIGOR study,

minimized the Vioxx/Coumadin drug interaction, omitted crucial risk information

associated with Vioxx, misrepresented Vioxx safety profile and represented that Vioxx

was safe, and that any cardiovascular and/or cardio thrombotic side effects were not

associated with the drug.

126. These representations were made with the actual knowledge of Merck.

Smith 06-L-_____
Page 38 of 78

127.    The representations set forth *supra* were material to Plaintiff and/or the treating

physician to prescribe and maintain Plaintiff's prescription of Vioxx.

128.    The representations were made either without knowing of the truth or falsity of

the representations or knew or should have known that the representations being made

were false and, therefore, Defendant failed to exercise reasonable care in making the

representations in the scope and course of their employment in marketing Vioxx to

individual consumers, Plaintiff's treating physicians, hospitals, and other health care

providers.

129.    Merck intended for Plaintiff and/or Plaintiff's treating physicians to rely upon the

material misrepresentations to induce them to initially prescribe Vioxx and continue

Plaintiff on Vioxx.

130.    Plaintiff justifiably relied on the representations which were made directly to

Plaintiff or Plaintiff's treating physicians, with Merck knowing that Plaintiff was in a

limited group who Merck knew would rely upon the information.

131.    As a direct result of Merck's negligent misrepresentation, personal injuries and

actual damages in an amount to be proved at trial.  The negligent misrepresentations

caused or substantially contributed to cause Plaintiffs' damages.

132.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as

Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to

the "Wrongful Death Act" that being  740 ILCS 180/1 and 180/2.

        WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate

of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an

amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 12 - NEGLIGENT MISREPRESENTATION – AGAINST MERCK

**(Survival Act)**

COMES NOW Plaintiff and for Count Twelve of the Complaint against Defendant Merck, alleges:

133.   Plaintiff adopts by reference the allegations contained and set forth above.

134.   As a direct and proximate result of the defect of the Vioxx herein manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed injuries resulting in decedent's death on February 21, 2002.

135.   Decedent incurred great conscious pain and suffering which resulted in severe injuries to and death to Decedent.

136.   Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

137.   The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 13 -DECEPTIVE TRADE PRACTICES ACT- AGAINST MERCK

**(Wrongful Death Act)**

COMES NOW Plaintiff and for Count Thirteen of the Complaint against Defendant Merck, alleges:

138.   The Plaintiff re-alleges and incorporates all the foregoing allegations.

139.   Plaintiff brings this action pursuant to 815 ILCS 505, et seq. (The Illinois Consumer Fraud and Deceptive Practices Act), in that Plaintiff purchased and used

Vioxx for personal use and thereby suffered ascertainable loss as a result of Merck's actions in violation of the Illinois consumer fraud statute.

140. Unfair or deceptive acts or practices are defined and declared unlawful in Illinois. The unfair or deceptive acts or practices as defined in the statute include, "the use of any deception, fraud, false pretense, false promise, misrepresentation or concealment, suppression or omission of any material fact . . . in the conduct of any trade or commerce."

141. Merck violated the Act by its use of false and misleading misrepresentations or omissions of material fact in connection with the sale of Vioxx. Merck communicated the purported benefits of Vioxx, while failing to disclose the serious and dangerous side effects related to the use of its product, and in fact actually concealing from health care providers the adverse cardiovascular effects of Vioxx.

142. In this regard, Merck, including but not limited to, created a "dodgeball Vioxx" training package for its sales force, which instructed the individual Defendants named in this count to duck doctors and health care providers' questions about Vioxx's possible cardiovascular side effects. Merck's sales representations followed its instructions and concealed, omitted, and suppressed these material facts when making sales calls to health care providers.

143. As a result of violating the Illinois consumer fraud statute, Merck is liable to Plaintiff for actual damages, costs and reasonable attorneys' fees, and for such additional relief as the Court may deem appropriate.

144. Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate

of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an

amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 14 -DECEPTIVE TRADE PRACTICES ACT- AGAINST MERCK

### (Survival Act)

COMES NOW Plaintiff and for Count Six of the Complaint against Defendant

Merck, alleges:

145.    Plaintiff adopts by reference the allegations contained and set forth above.

146.    As a direct and proximate result of the defect of the Vioxx herein

manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed

injuries resulting in decedent's death on February 21, 2002.

147.    Decedent incurred great conscious pain and suffering which resulted in severe

injuries to and death to Decedent.

148.    Said claim for damages is survived by Decedent's Estate and is in excess of

FIFTY THOUSAND DOLLARS ($50,000.00).

149.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator

of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the

"Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate

of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an

amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## PARTIES AS TO CELEBREX

150.    This action is brought by Plaintiff, ROBERT J. SMITH, JR., seeking damages for personal injuries, death, and economic damages suffered by Decedent, as a result of a defective and dangerous pharmaceutical product, Celebrex (Celecioxib), which was manufactured, marketed, distributed and/or sold by G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. (hereinafter referred to by name or as "manufacturing defendants.") This action seeks monetary damages for personal injuries and death including damages caused by the drug Celebrex named herein and ingested by Plaintiff's decedent.

151.    This is a civil action brought on behalf of ROBERT J. SMITH, SR., (hereinafter referred to as "Plaintiff's decedent or decedent") for injuries, suffering and death. Plaintiff's decedent  was prescribed and used the prescription medication Celebrex (Celecoxib). This action seeks monetary damages for personal injuries and wrongful death, including damages caused by Celebrex ingested by Plaintiff's decedent.

152.    Defendant G.D. Searle LLC. (hereinafter "Searle") is a subsidiary of Pharmacia, Corporation, and is a Delaware Corporation, and is registered to do business, and with its principal place of business, in Illinois.  As such, Searle can be served its registered agent: CT Corporation System, 208 So. LaSalle St. Suite 814, Chicago, Illinois 60604.  At all times relevant hereto, Searle as a subsidiary of Pharmacia, Corporation and Pharmacia Corporation (hereinafter "Pharmacia"); at all times relevant to this action was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib).

153.    Defendant Pharmacia is a Delaware Corporation licensed and registered to do business in Illinois and can be served through its registered agent:  C T Corporation

System, 208 So. LaSalle St. Suite 814, Chicago, Illinois 60604.

154.    Defendant Monsanto Company (hereinafter "Monsanto") is the parent of Pharmacia, and is a Delaware Corporation. At all times relevant hereto Monsanto through its subsidiary companies was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Monsanto is licensed and registered to do business in Illinois, and may be served through its agent: Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

155.    Defendant Pfizer Inc (hereinafter "Pfizer") is a Delaware corporation, and at all times relevant hereto Pfizer was in the business of marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Pfizer is licensed and registered to do business in Illinois and may be served through its agent: C T Corporation System, 208 So. LaSalle St. Suite 814, Chicago, Illinois 60604.

**BACKGROUND-CELEBREX**

156.    Celebrex (Celecoxib) is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Searle, Pharmacia, Monsanto and Pfizer did manufacture, design, package, market and distribute this drug. Searle, Pharmacia and Pfizer encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. Searle, Pharmacia, Monsanto and Pfizer aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. Searle, Pharmacia, Monsanto and Pfizer did this to increase sales and profits.

157.    At all times relevant hereto, Searle, Pharmacia, Monsanto and Pfizer actually

knew of the defective nature of their product as herein set forth, yet continued to design,

manufacture, market, distribute and sell their product so as to maximize sales and profits

at the expense of the general public's health and safety in conscious disregard of the

foreseeable harm caused by this product. Searle, Pharmacia, Monsanto and Pfizer's

conduct exhibits such an entire want of care as to establish that their actions were a result

of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the

consumers rights.

158    This Complaint seeks redress for damages including wrongful death sustained by

Plaintiff's decedent, resulting from Plaintiff's use of Celebrex (Celecoxib), manufactured

and sold by Pharmacia, Searle, Monsanto and Pfizer.

159    Plaintiff's Decedent received a prescription for Celebrex. Plaintiff's Decedent

took the drug Celebrex as prescribed by a medical professional for approximately a year,

and suffered heart attack, cardiac injury and vascular injury due to clotting or thrombosis

that resulted in Decedent's death, on or about February 21, 2002. Plaintiff's Decedent's

use of Celebrex was the direct and proximate cause of the occurrence in question and the

injuries at issue.

160.    The damages sought herein are the direct and proximate result of Pharmacia,

Searle, Monsanto and Pfizer's wrongful conduct in connection with designing, testing,

inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing,

marketing, advertising, promoting, selling, packaging, supplying and/or distributing the

prescription drug Celebrex (Celecoxib).

161.    At all times relevant hereto, Pharmacia, Searle, Monsanto and Pfizer were

engaged in the business of designing, testing, inspecting, manufacturing, assembling,

developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling,

packaging, supplying and/or distributing the pharmaceutical drug Celebrex (Celecoxib)

throughout the United States.

162.  Had Pharmacia, Searle, Monsanto and Pfizer properly disclosed the risks

associated with using Celebrex (Celecoxib), Plaintiff's decedent would not have taken it

for treatment of pain.

163.  Plaintiff did not know of and did not even have the opportunity to know the

potential connection between the use of Celebrex (Celecoxib) and Plaintiff's decedent's

injury until after the FDA issued its recommendation, on April 7, 2005, that Celebrex

(Celecoxib) be required to include a black box warning.

### JURISDICTION AND VENUE-CELEBREX

164.  Defendants are subject to the *in personam* jurisdiction of this Court, and venue is

proper herein, by virtue of the fact that Pharmacia, Searle, Monsanto, and Pfizer did

and/or do business within the state of Illinois and committed torts in whole or in part in

this state against Plaintiff's decedent, as more fully set forth herein.  Defendants

advertised in Illinois, made material omissions and representations, and breached

warranties in this district.

165.  Pharmacia, Searle, Monsanto and Pfizer conduct business in the State of Illinois,

and at all times relevant hereto, developed, manufactured and sold the pharmaceutical

drug Celebrex (Celecoxib) in the State of Illinois, including through sales representatives

whose territory included this district.

166.  There is no federal subject matter jurisdiction as there is not complete diversity of

citizenship between Plaintiff's decedent and Plaintiff and the Pharmacy Defendant.

Plaintiff and CVS Pharmacy are both citizens of Illinois.

167.  Venue is proper in this Court in that many of the causes of action accrued in

whole or in part in this district and in Madison county, and because the Celebrex
(Celecoxib) was sold and ingested in Illinois.

## COUNT 15

### STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN–CELEBREX

#### Wrongful Death

COMES NOW Plaintiff and for Count Fifteen of the Complaint against Defendant
G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

168.    Plaintiff incorporates all allegations in the preceding paragraphs as is fully set
forth in this Count.

169.    Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and
injected into the stream of commerce, in the regular course of its business, the
pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by Plaintiff's
decedent and others.

170.    At the time Celebrex (Celecoxib) was manufactured and sold to Plaintiff's
decedent by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and
unreasonably dangerous, subjecting users to risks of heart attacks, strokes, and other
illnesses which exceeded the benefits of the products, and for which other safer products
were available. This defective condition made the product unreasonably dangerous when
put to a reasonably anticipated use as treatment for pain relief, which was the use for
which Celebrex (Celecoxib) was advertised.

171.    Alternatively, when the Celebrex (Celecoxib) products were manufactured and
sold to Plaintiff's decedent by Pharmacia, Searle, Monsanto and Pfizer, the products were
defective in design and formulation, making use of the product more dangerous than
other drugs for pain relief.

Smith 06-L-_____
Page 47 of 78

172.    Plaintiff's decedent used Celebrex (Celecoxib) in a manner reasonably anticipated.  The Celebrex (Celecoxib) sold to the Plaintiff's decedent reached the Plaintiff's decedent without substantial change. Plaintiff's decedent was unaware of the dangerous propensities of the product until well after Plaintiff's use and injury requiring hospitalization. The Plaintiff's decedent ingested the Celebrex (Celecoxib) without making any changes or alterations.

173.    As a direct and proximate result of the defective and dangerous design of the Celebrex (Celecoxib), Plaintiff has been damaged and Plaintiff's decedent has been caused to die.  Pharmacia, Searle, Monsanto and Pfizer's conduct was done with conscious disregard for the safety of users of Celebrex (Celecoxib), including Plaintiff's decedent.

174.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his death.

175.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful Death Act" that being  740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of  FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 16

## STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN–CELEBREX

### Survival Act

COMES NOW Plaintiff and for Count Sixteen of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

176.  Plaintiff adopts by reference the allegations contained and set forth above.

177.  As a direct and proximate result of the defect of the Celebrex herein

manufactured, distributed and sold by the Defendant, Plaintiff's decedent, developed

injuries resulting in his death on February 21, 2002.

178.  Plaintiff's decedent incurred great conscious pain and suffering which resulted in

severe injuries and death to Decedent.

179.  Said claim for damages is survived by Decedent's Estate and is in excess of

FIFTY THOUSAND DOLLARS ($50,000.00).

180.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special

Administrator of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to

the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, deceased, demands judgment against the Defendants in an

amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 17

### STRICT PRODUCTS LIABILITY/FAILURE TO WARN -CELEBREX

#### Wrongful Death

COMES NOW Plaintiff and for Count Seventeen of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

181.  Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

182.  The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle,

Monsanto and Pfizer was unaccompanied by proper and adequate warnings regarding all

adverse side effects associated with the use of Celebrex (Celecoxib), and the comparative severity and duration of the adverse effects. The warnings given by Pharmacia, Searle, Monsanto and Pfizer did not accurately reflect the symptoms, type, scope, or severity of the side effects.

183.    The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was an unreasonably dangerous defective product, which posed unacceptable risks to human health when put to a reasonably anticipated use by Plaintiff's decedent that was without knowledge of its dangerous characteristics.

184.    Pharmacia, Searle, Monsanto and Pfizer failed to perform adequate testing and study Celebrex (Celecoxib) prior to marketing it or properly analyze and warn based. Such adequate testing, study or analysis would have shown that Celebrex (Celecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity should have been given with respect to the use of Celebrex (Celecoxib).

185.    Pharmacia, Searle, Monsanto and Pfizer also failed to act properly on adverse event reports it received about Celebrex (Celecoxib), and failed to properly study Celebrex (Celecoxib)'s pre-market as well as post market.

186.    Pharmacia, Searle, Monsanto and Pfizer also failed to effectively warn users and physicians that numerous other methods of pain relievers, including Ibuprofen, Naproxen, and/or Mobic were safer.

187.    Pharmacia, Searle, Monsanto and Pfizer failed to give adequate post-marketing warnings or instructions for the use of Celebrex (Celecoxib) because after Pharmacia, Searle, Monsanto and Pfizer knew or should have know of the risk of injury from Celebrex (Celecoxib) use, Pharmacia, Searle, Monsanto and Pfizer failed to provide

adequate warnings to users or consumers and continued to aggressively promote the product to doctors, hospitals, and directly to consumers.

188.   Plaintiff's decedent used Celebrex (Celecoxib) in a manner reasonably anticipated.

189.   As a direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer selling Celebrex (Celecoxib) without adequate warnings, as well as the other conduct mentioned in this Count, Plaintiff has been damaged and Plaintiff's decedent was caused to die.

190.   Pharmacia, Searle, Monsanto and Pfizer conduct was done with conscious disregard for safety.

191.   The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff's decedent leading to his death.

192.   Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR., estate, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT 18

### STRICT PRODUCTS LIABILITY/FAILURE TO WARN -CELEBREX

### Survival Act

COMES NOW Plaintiff and for Count Eighteen of the Complaint against Defendant G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges: