193.    Plaintiff adopts by reference the allegations contained and set forth above.

194.    As a direct and proximate result of the defect of the Celebrex herein manufactured, distributed and sold by the Defendant, Decedent, developed injuries resulting in his death on February 21, 2002.

195.    Decedent incurred great conscious pain and suffering which resulted in severe injuries and death to Decedent.

196.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

197.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 19

## NEGLIGENT DESIGN -CELEBREX

### Wrongful Death

COMES NOW Plaintiff and for Count Nineteen of the Complaint against Defendant G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

198.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

199.    Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by Plaintiff's

decedent and others.

200.    At the time the Celebrex (Celecoxib) was manufactured and sold to Plaintiff's decedent by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which exceeded the benefits of the product, and for which other safer products were available.

201.    Alternatively, when the Celebrex (Celecoxib) product was manufactured and sold to the Plaintiff's decedent by Pharmacia, Searle, Monsanto and Pfizer, the product was defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

202.    The Celebrex (Celecoxib) sold to Plaintiff's decedent reached Plaintiff's decedent without substantial change. Plaintiff's decedent was unaware of the dangerous propensities of the product until well after Plaintiff's use and subsequent stroke. Plaintiff's decedent ingested the Celebrex (Celecoxib) without making any changes or alterations.

203.    In designing and manufacturing Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer failed to exercise the ordinary care that a careful and prudent drug manufacturer would exercise in the same or similar circumstances.

204.    As a direct and proximate result of the negligent design of the Celebrex (Celecoxib), Plaintiff's decedent has been damaged and Plaintiff's decedent was caused to die.

205.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his death.

206.  Said action herein is brought by ROBERT J. SMITH, JR., individually and as

Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful

Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 20

## NEGLIGENT DESIGN - CELEBREX

### Survival Act

COMES NOW Plaintiff and for Count Twenty of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

207.  Plaintiff adopts by reference the allegations contained and set forth above.

208.  As a direct and proximate result of the defect of the Celebrex herein

manufactured, distributed and sold by the Defendant, Decedent, developed injuries

resulting in his death on February 21, 2002

209.  Decedent incurred great conscious pain and suffering which resulted in severe

injuries and death to Decedent.

210.  Said claim for damages is survived by Decedent's Estate and is in excess of

FIFTY THOUSAND DOLLARS ($50,000.00).

211.  The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator

of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to the "Survival

Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 21

### NEGLIGENT FAILURE TO WARN -CELEBREX

### Wrongful Death

COMES NOW Plaintiff and for Count Twenty-one of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

212.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

213.    Pharmacia, Searle, Monsanto and Pfizer owed Plaintiff's decedent a duty to warn

of any dangerous defects or side effects; a duty to assure its product did not cause users

unreasonable and dangerous risks, reactions, side effects; and a duty to provide adequate

post market surveillance and warnings as it learned of Celebrex (Celecoxib) substantial

dangers.

214.    Pharmacia, Searle, Monsanto and Pfizer breached its duty of reasonable care to

Plaintiff's decedent in that Pharmacia, Searle, Monsanto and Pfizer failed to:

A.  Conduct sufficient testing which, if properly performed, would have shown

that Celebrex (Celecoxib) had serious side effects, including heart attacks,

strokes, hypertension, atherosclerosis, blood clots, and other serious side effects,

and warn users of those risks; and/or

B.  Include adequate warnings with the Celebrex (Celecoxib) products that would

alert users to the potential risks and serious side effects the drugs; and/or

C.  Warn the Plaintiff's decedent that use of Celebrex (Celecoxib) carried a risk

of death or permanent disability from heart attacks, strokes, blood clots, other

cardiovascular disorders and other serious side effects; and/or

D. Advise the FDA, the health care industry, and the public about the adverse

reports it had received regarding Celebrex (Celecoxib); and/or

E. Provide Plaintiff's decedent with other appropriate warnings.

215.    Pharmacia, Searle, Monsanto and Pfizer should have known that Celebrex

(Celecoxib) caused unreasonably dangerous risks and serious side effects of which the

general public would not be aware. Pharmacia, Searle, Monsanto and Pfizer nevertheless

advertised, marketed and promoted its product knowing there were safer methods and

products for pain control.

216.    As a direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer's

negligence and breaches of its duty of reasonable care, Plaintiff's decedent has been

damaged.

217.    The above-described acts and/or omissions of Pfizer were a direct and proximate

cause of the severe, permanent and disabling injuries and resulting damages to Decedent

leading to his death.

218.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as

Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful

Death Act" that being  740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in

excess of  FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 22

## NEGLIGENT FAILURE TO WARN -CELEBREX

### Survival Act

COMES NOW Plaintiff and for Count Twenty-two of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

219.    Plaintiff adopts by reference the allegations contained and set forth above.

220.    As a direct and proximate result of the defect of the Celebrex herein

manufactured, distributed and sold by the Defendant, Decedent, developed injuries

resulting in his death on February 21, 2002

221.    Decedent incurred great conscious pain and suffering which resulted in severe

injuries and death to Decedent.

222.    Said claim for damages is survived by Decedent's Estate and is in excess of

FIFTY THOUSAND DOLLARS ($50,000.00).

223.        The Plaintiff, ROBERT J. SMITH, JR., individually and as Special

Administrator of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to

the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT 23

### FRAUDULENT CONCEALMENT -CELEBREX

### Wrongful Death

COMES NOW Plaintiff and for Count Twenty-three of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

224.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

225.    Pharmacia, Searle, Monsanto and Pfizer had actual knowledge of the

cardiothrombotic effects of Celebrex (Celecoxib). Despite having knowledge of the

cardiothrombotic effects of Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer actively concealed and omitted to disclose those effects when marketing Celebrex (Celecoxib) to doctors, health care providers, and to the general public through direct advertisements.

226.    At the time these omissions were made, Pharmacia, Searle, Monsanto and Pfizer had knowledge of the substantial and significant cardiothrombotic effects of Celebrex (Celecoxib).

227.    Pharmacia, Searle, Monsanto and Pfizer omitted to inform Plaintiff's decedent of the true cardiothrombotic and other adverse health effects of Celebrex (Celecoxib).

228.    Pharmacia, Searle, Monsanto and Pfizer further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports it received about the side effects of Celebrex (Celecoxib) such as heart attacks and strokes. It further instructed and had a training manual for their sales force to dodge and mislead doctors when they asked questions about the cardiothrombotic effects of Celebrex (Celecoxib).

229.    Pharmacia, Searle, Monsanto and Pfizer failure to disclose material facts constituted fraudulent concealment. Pharmacia, Searle, Monsanto and Pfizer sanctioned approved and/or participated in the failure to disclose.

230.    Pharmacia, Searle, Monsanto and Pfizer had a duty to speak because it had superiorknowledge regarding the adverse health effects of Celebrex (Celecoxib) as set forth herein.

231.    The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was unavailable to Plaintiff's decedent and/or Plaintiff's decedent's treating health care professionals. Pharmacia, Searle, Monsanto and Pfizer knew the information was

unavailable yet approved and participated in instructing its agents, servants and

employees to not disclose the information in order to promote the sales of Celebrex

(Celecoxib) over other Cox 2 inhibitors as well as any non-steroidal anti-inflammatory

such as Ibuprofen, Naproxen, and combined Cox 1 and Cox 2 inhibitors such as Mobic.

232.    Plaintiff's decedent was diligent in attempting to seek the information by

consulting with his physicians.

233.    The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was not

within the reasonable reach of Plaintiff's decedent and/or Plaintiff's decedent's treating

physicians in the exercise of reasonable care.

234.    The non-disclosed information was material, Pharmacia, Searle, Monsanto and

Pfizer knew it was not disclosing complete information and intended that Plaintiff's

decedent and/or Plaintiff's decedent's treating physicians act upon the non-disclosed

information in the manner reasonably contemplated.

235.    Plaintiff's decedent and/or Plaintiff's decedent's treating physician were ignorant

as to the undisclosed information and had a right to rely on full disclosure.

236.    If Plaintiff's decedent and/or Plaintiff's decedent's treating physicians had known

the complete information, they would not have prescribed and/or Plaintiff's decedent

would not have taken Celebrex (Celecoxib) as evidenced by Pharmacia, Searle,

Monsanto and Pfizer being required to include a black label warning.

237.    Pharmacia, Searle, Monsanto and Pfizer's non-disclosure of information was

outrageous due to their evil motive and reckless indifference to the rights of Plaintiff's

decedent, justifying an award of damages.

238.    The above-described acts and/or omissions of Pfizer were a direct and proximate

cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff

leading to his death.

239.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT 24**

**FRAUDULENT CONCEALMENT -CELEBREX**

**Survival Act**

COMES NOW Plaintiff and for Count Twenty-four of the Complaint against Defendant G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

240.    Plaintiff adopts by reference the allegations contained and set forth above.

241.    As a direct and proximate result of the defect of the Celebrex herein manufactured, distributed and sold by the Defendant, Decedent, developed injuries resulting in his death on February 21, 2002

242.    Decedent incurred great conscious pain and suffering which resulted in severe injuries and death to Decedent.

243.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

244.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in
excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT 25**

**COMMON LAW FRAUD -CELEBREX**

**Wrongful Death**

COMES NOW Plaintiff and for Count Twenty-five of the Complaint against Defendant
G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

245.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set
forth at length herein.

246.    Pharmacia, Searle, Monsanto and Pfizer, at all relevant times, made false
representations and omissions to Plaintiff's decedent and other members of the public,
including but not limited to, that Celebrex (Celecoxib) was safe, had been adequately
tested to determine safety, and did not present life-threatening dangers.

247.    These representations and omissions, as set forth in the above paragraphs, were
false. The true facts were that Celebrex (Celecoxib) was not safe, had not been
adequately tested, and had dangerous and life-threatening side effects. When Pharmacia,
Searle, Monsanto and Pfizer made the representations, it knew them to be false, and said
representations were made by Pharmacia, Searle, Monsanto and Pfizer with the intent to
deceive Plaintiff's decedent and/or Plaintiff's prescribing physicians and with the intent
to induce Plaintiff's decedent to use the Celebrex (Celecoxib) manufactured by
Pharmacia, Searle, Monsanto and Pfizer.

248.    Plaintiff's decedent and/or Plaintiff's physicians reasonably relying upon false
representations and omissions, Plaintiff's physicians prescribed Celebrex (Celecoxib);
Plaintiff's decedent used Celebrex (Celecoxib). Plaintiff's decedent would not have done

Smith 06-L-____
Page 61 of 78

so if he had known the true facts. In using Celebrex (Celecoxib), Plaintiff's decedent exercised ordinary care.

249.    As a direct and proximate result of the aforesaid fraudulent conduct, Pharmacia, Searle, Monsanto and Pfizer caused Plaintiff's decedent to suffer the damages and injuries herein alleged.

250.    Pharmacia, Searle, Monsanto and Pfizer conduct was outrageous due to its evil motive or reckless indifference to the rights of Plaintiff's decedent, justifying an award of damages.

251.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff's decedent leading to his death.

252.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful Death Act" that being  740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of  FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT 26

### COMMON LAW FRAUD -CELEBREX

#### Survival Act

COMES NOW Plaintiff and for Count Twenty-six of the Complaint against Defendant G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

253.    Plaintiff adopts by reference the allegations contained and set forth above.

254.    As a direct and proximate result of the defect of the Celebrex herein

manufactured, distributed and sold by the Defendant, Decedent, developed injuries

resulting in his death on February 21, 2002

255.   Decedent incurred great conscious pain and suffering which resulted in severe

injuries and death to Decedent.

256.   Said claim for damages is survived by Decedent's Estate and is in excess of

FIFTY THOUSAND DOLLARS ($50,000.00).

257.   The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator

of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to the "Survival

Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 27

### BREACH OF IMPLIED WARRANTY-CELEBREX

#### Wrongful Death

COMES NOW Plaintiff and for Count Twenty-seven of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

258.   Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

259.   When Pharmacia, Searle, Monsanto and Pfizer placed the Celebrex (Celecoxib)

into the stream of commerce, Pharmacia, Searle, Monsanto and Pfizer knew of the use

for which the supplement was intended and impliedly warranted to consumers including

Plaintiff's decedent that the use of Celebrex (Celecoxib) was a safe and acceptable means

of relieving pain and impliedly warranted that the product was of merchantable quality

and safe for its intended use.

260. Plaintiff's decedent relied upon Pharmacia, Searle, Monsanto and Pfizer and its judgment when he purchased and utilized Celebrex (Celecoxib).

261. The Celebrex (Celecoxib) was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and incapable of satisfying the ordinary purpose for which it was intended, and because it caused serious injury to Plaintiff's decedent.

262. As a direct and proximate result of the dangerous and defective condition of the Celebrex (Celecoxib) Plaintiff's decedent suffered injury, and he incurred economic damages in the form of medical expense.

263. Plaintiff's decedent is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, loss of life, lost past and future income and incurred expense.

264. The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Decedent leading to his death.

265. Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 28

Smith 06-L-_____
Page 64 of 78

## BREACH OF IMPLIED WARRANTY-CELEBREX

### Survival Act

COMES NOW Plaintiff and for Count Twenty-eight of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

266.    Plaintiff adopts by reference the allegations contained and set forth above.

267.    As a direct and proximate result of the defect of the Celebrex herein manufactured, distributed and sold by the Defendant, Decedent, developed injuries resulting in his death on February 21, 2002.

268.    Decedent incurred great conscious pain and suffering which resulted in severe injuries and death to Decedent.

269.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

270.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT 29

### BREACH OF EXPRESS WARRANTY-CELEBREX

### Wrongful Death

COMES NOW Plaintiff and for Count Twenty-nine of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

271.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

272.    At all relevant times, Pharmacia, Searle, Monsanto and Pfizer expressly warranted to Plaintiff's decedent by statements made by Pharmacia, Searle, Monsanto and Pfizer or its authorized agents, orally or in written publications, package labels, and/or inserts, that the Celebrex (Celecoxib) was safe, effective, fit, and proper for its intended use. The express warranties include, but were not limited to:

Celebrex (Celecoxib) is used in adults for:

A.  for relief of the signs and symptoms of osteoarthritis

B.  for relief of the signs and symptoms of rheumatoid arthritis in adults

C.  management of short-term pain

D.  for the management of acute pain in adults

E.  for the treatment of primary dysmenorrheal

F.  to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP), as an adjunct to usual care.

273.    In utilizing Celebrex (Celecoxib), Plaintiff's decedent relied upon the skill, judgment, representations, and express warranties of the Pharmacia, Searle, Monsanto and Pfizer.

274.    The express warranties and representations made by Pharmacia, Searle, Monsanto and Pfizer were false in that Celebrex (Celecoxib) was not safe and was not fit for the use for which it was intended.

275.    As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib), Plaintiff's decedent suffered injury, and he incurred economic damages in the form of medical expense.

276.    Plaintiff's decedent is entitled to recover from Pharmacia, Searle, Monsanto and



Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of life, lost future income and incurred expense.

277.     The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his death.

278.     Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful Death Act" that being  740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of  FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 30

### BREACH OF EXPRESS WARRANTY-CELEBREX

#### Survival Act

COMES NOW Plaintiff and for Count Thirty of the Complaint against Defendant G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

279.     Plaintiff adopts by reference the allegations contained and set forth above.

280.     As a direct and proximate result of the defect of the Celebrex herein manufactured, distributed and sold by the Defendant, Decedent, developed injuries resulting in his death on February 21, 2002

281.     Decedent incurred great conscious pain and suffering which resulted in severe injuries and death to Decedent.

282.     Said claim for damages is survived by Decedent's Estate and is in excess of

Smith 06-L-_____
Page 67 of  78

FIFTY THOUSAND DOLLARS ($50,000.00).

283.   The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator

of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to the "Survival

Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT

J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 31

## NEGLIGENT MISREPRESENTATION-CELEBREX

### Wrongful Death

COMES NOW Plaintiff and for Count Thirty-one of the Complaint against Defendant

G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

284.   Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

285.   At all relevant times, Pharmacia, Searle, Monsanto and Pfizer knew, or should

have known, that there were dangerous side effects resulting from the ingestion of

Celebrex (Celecoxib).

286.   Pharmacia, Searle, Monsanto and Pfizer knew or reasonably should have known

that consumers such as Plaintiff's decedent would not have known about the increased

risk of stroke associated with the ingestion of Celebrex (Celecoxib).

287.   Pharmacia, Searle, Monsanto and Pfizer armed with the knowledge stated in the

preceding two paragraphs, preceded with the design, production, manufacture,

promotion, advertising, and sale of Celebrex (Celecoxib) without adequate warning of

the side effects and dangerous risks to the consuming public including Plaintiff's

decedent.

288.    Pharmacia, Searle, Monsanto and Pfizer negligently represented Plaintiff's decedent the safety and effectiveness of Celebrex (Celecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Celebrex (Celecoxib). The misrepresentations and/or material omissions made by or perpetuated by Pharmacia, Searle, Monsanto and Pfizer are as follows, Pharmacia, Searle, Monsanto and Pfizer failed to:

    A.   Conduct sufficient testing which, if properly performed, would have shown that Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

    B.   Include adequate warnings with the Celebrex (Celecoxib) products that would alert users to the potential risks and serious side effects of the drugs; and/or

    C.   Warn the Plaintiff's decedent that use of Celebrex (Celecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

    D.   Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Celebrex (Celecoxib); and/or

    E.   Provide Plaintiff's decedent with other appropriate warnings.

289.    Pharmacia, Searle, Monsanto and Pfizer made the misrepresentations and omissions with the intent for Plaintiff's decedent and the consuming public to rely upon such information (or the absence of such information) in selection Celebrex (Celecoxib) as a treatment for pain relief.

290.    Plaintiff's decedent justifiably relied on and/or was induced by the

misrepresentations and/or active concealment by Pharmacia, Searle, Monsanto and Pfizer and he relied upon the absence of safety information which Pharmacia, Searle, Monsanto and Pfizer suppressed, concealed, or failed to disclose all Plaintiffs' detriment.

291.    As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib) Plaintiff's decedent suffered injury, and he incurred economic damages in the form of medical expense.

292.    Plaintiff's decedent is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of life, lost future income and expense.

293.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his death.

294.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 32

## NEGLIGENT MISREPRESENTATION-CELEBREX

### Survival Act

COMES NOW Plaintiff and for Count Thirty-two of the Complaint against Defendant G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. alleges:

295.    Plaintiff adopts by reference the allegations contained and set forth above.

296.    As a direct and proximate result of the defect of the Celebrex herein manufactured, distributed and sold by the Defendant, Decedent, developed injuries resulting in his death on February 21, 2002

297.    Decedent incurred great conscious pain and suffering which resulted in severe injuries and death to Decedent.

298.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

299.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of ROBERT J. SMITH, SR.'s estate, deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 33- STRICT PRODUCTS LIABILITY/ SALE OF DEFECTIVE PRODUCT- AGAINST CVS

### (Wrongful Death Act)

COME NOW, Plaintiffs and for Count Thirty-three of the Complaint against Defendant CVS, alleges:

300.    The Plaintiffs re-allege and incorporate the foregoing allegations.

301.    The Vioxx and Celebrex sold by CVS was defective and unreasonably dangerous when sold, and unaccompanied by proper and adequate warnings regarding all possible adverse side effects associated with the use of Vioxx and Celebrex, and the comparative severity and duration of the adverse effects. The warnings accompanying the Vioxx and

Celebrex did not accurately reflect the symptoms, type, scope or severity of the side effects. CVS knew or should have known of these side effects due to the FDA sanctioning Merck for its misleading advertising and Dear Doctor letters Merck was required by the FDA to send, as well as other information available to a prudently informed seller of Vioxx and Celebrex.

302.    The Vioxx and Celebrex sold to Plaintiffs was unaccompanied by a warning to Plaintiffs that numerous other methods of pain relievers, including but not limited to Ibuprofen and/or Mobic were safer.

303.    As a direct and proximate result of CVS selling a defective product, it is strictly liable for the damages the Vioxx and Celebrex caused Plaintiffs.

304.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 34- STRICT PRODUCTS LIABILITY/ SALE OF DEFECTIVE PRODUCT- AGAINST CVS

### (Survival Act)

COMES NOW Plaintiff and for Count Thirty-four of the Complaint against Defendant CVS, alleges:

305.    Plaintiff adopts by reference the allegations contained and set forth above.

306.    As a direct and proximate result of the defect of the Vioxx and Celebrex herein manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed

injuries resulting in decedent's death on February 21, 2002.

307.    Decedent incurred great conscious pain and suffering which resulted in severe injuries and death to Decedent.

308.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

309.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 35- NEGLIGENCE, FAILURE TO WARN- AGAINST CVS

### (Wrongful Death Act)

COMES NOW Plaintiff and for Count Thirty-five of the Complaint against Defendant CVS, alleges:

310.    Plaintiff re-alleges and incorporates the foregoing allegations.

311.    CVS owed a duty to warn of any dangerous defects or side effects; a duty to assure the product it sells did not cause users unreasonable and dangerous risks, reactions, and side effects; and a duty to provide adequate post sale warnings as it learned of Vioxx and Celebrex's substantial dangers.

312.    CVS knew or should have know that Vioxx and Celebrex caused unreasonably dangerous risks and serious side effects of which the general public would not be aware, including but not limited to the FDA sanctions of Pfizer, the Dear Doctor letters Merck sent to doctors and other health care providers, and the medical literature regarding

Vioxx and Celebrex. CVS nevertheless sold Vioxx and Celebrex without adequate warnings of the dangerousness of Vioxx and Celebrex and knowing that there were safer methods and products for pain control.

313.    CVS breached its duty of reasonable care to Plaintiffs in that it failed to:

    a.  Warn that Vioxx and Celebrex had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, ulcers, and others, and warn users of those risks which Defendant knew or should have known; and/or

    b. Include adequate warnings with Vioxx and Celebrex that would alert users to the potential risks and serious side effects of the drugs which CVS knew or should have known of; and/or

    c.  Warn plaintiffs that use of Vioxx and Celebrex carried a risk of death or permanent disability from heart attack, strokes, blood clots, ulcers, and other cardiovascular disorders and other serious side effects which CVS knew or should have known of; and/or

    d.  Other appropriate warnings.

314.    As a direct and proximate result of CVS' negligence and breaches of its duty of reasonable care, Plaintiffs have been damaged.

315.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being 740 ILCS 180/1 and 180/2.

    WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an

amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 36- NEGLIGENCE, FAILURE TO WARN- AGAINST CVS

### (Survival Act)

COMES NOW Plaintiff and for Count Thirty-six of the Complaint against Defendant CVS, alleges:

316.    Plaintiff adopts by reference the allegations contained and set forth above.

317.    As a direct and proximate result of the defect of the Vioxx and Celebrex herein manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed injuries resulting in decedent's death on February 21, 2002.

318.    Decedent incurred great conscious pain and suffering which resulted in severe injuries and death to Decedent.

319.    Said claim for damages is survived by Decedent's Estate and is in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

320.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the "Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 37- BREACH OF WARRANTY- AGAINST CVS

### (Wrongful Death Act)

COMES NOW Plaintiff and for Count Thirty-seven of the complaint against Defendant CVS, alleges:

321.    The Plaintiffs re-allege and incorporate the foregoing allegations.

Smith 06-L-_____
Page 75 of 78

322.    Plaintiffs purchased the defective and dangerous Vioxx and Celebrex drugs from CVS in this County, pursuant to prescriptions from Plaintiff's physicians.

323.    In selling Vioxx and Celebrex to Plaintiffs, CVS expressly and impliedly warranted that Vioxx and Celebrex was safe for its intended use, was free from manufacturing or production defects, and would perform as indicated.  CVS also expressly and impliedly warranted that Vioxx and Celebrex caused no side effects other than those listed in the package insert.

324.    CVS breached these warranties by selling to Plaintiffs Vioxx and Celebrex that was not of merchantable quality, was unsafe and whose potential side effects were substantially untested.

325.    As a direct and proximate result of CVS' breach of express and implied warranties, Plaintiffs have been damaged.

326.    Said action herein is brought by ROBERT J. SMITH, JR., individually and as Special Administrator of the Estate of ROBERT J. SMITH, SR., deceased, pursuant to the "Wrongful Death Act" that being  740 ILCS 180/1 and 180/2.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 38- BREACH OF WARRANTY- AGAINST CVS

### (Survival Act)

COMES NOW Plaintiff and for Count Thirty-eight of the Complaint against Defendant CVS, alleges:

327.    Plaintiff adopts by reference the allegations contained and set forth above.

328.    As a direct and proximate result of the defect of the Vioxx and Celebrex herein

manufactured, distributed and sold by the Defendants, Plaintiff's decedent, developed

injuries resulting in decedent's death on February 21, 2002.

329.    Decedent incurred great conscious pain and suffering which resulted in severe

injuries and death to Decedent.

330.    Said claim for damages is survived by Decedent's Estate and is in excess of

FIFTY THOUSAND DOLLARS ($50,000.00).

331.    The Plaintiff, ROBERT J. SMITH, JR., individually and as Special Administrator

of the Estate of Robert J. Smith, Sr., deceased, brings this action herein pursuant to the

"Survival Act", 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, individually and as Special Administrator of the Estate of

Robert J. Smith, Sr., deceased, demands judgment against the Defendants in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT 39- LOSS OF CONSORTIUM

### as to Merck,G. D. Searle LLC, Pharmacia Corporation,

### Monsanto Company and Pfizer, Inc. and CVS

COMES NOW Plaintiff and for Count Thirty-nine of the Complaint against Defendant

Merck, G. D. Searle LLC, Pharmacia Corporation, Monsanto Company, Pfizer, Inc. and CVS

alleges:

332.    That for all times herein mentioned, Robert J. Smith, Jr. was the son of the Decedent.

333.    That as special administrator Robert J. Smith, Jr. represents an additional surviving son,

a surviving daughter, and a surviving spouse (all adults) of Robert J. Smith, Sr., deceased.

334.    That Decedent's injuries due to the aforementioned Defendants' negligence  have

caused Plaintiff and his family to suffer a loss of consortium; including but not limited to,

loss of household services, support, and loss of companionship.

## PRAYER FOR RELIEF AS TO ALL COUNTS

WHEREFORE, Plaintiffs request that this Court enter a judgment against the

Defendant and in favor of the Plaintiffs, and to award the following relief:-

        a. General damages in the sum in excess of the jurisdictional minimum of this

Court;

        b. Compensatory damages, including past, present, and future physical pain

and suffering, loss of earning capacity, disfigurement, physical impairment,

and medical care expenses;

        c. Consequential Damages;

        d. Costs including, but not limited to, discretionary Court costs of this cause,

and those costs available under the law, as well as expert fees and attorney

fees and expenses, and costs of this action; and,

        e. Such other relief as the Court deems just and proper.

Respectfully submitted,

**GOLDENBERG HELLER ANTOGNOLI
ROWLAND SHORT & GORI, P.C.**

By _____

        **Robert D. Rowland #6198915**
        **Aaron K. Dickey #6281731**
        2227 S. State Route 157
        P.O. Box 959
        Edwardsville, IL 62025
        618/656-5150 Telephone
        618/656-6230 Facsimile

ATTORNEYS FOR PLAINTIFF