**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT J. SMITH, JR.,** Individually | ) | |
| and as Special Administrator of the Estate | ) | |
| of ROBERT J. SMITH, SR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MERCK & CO., INC., also** | ) | |
| **d/b/a MERCK, SHARP AND DOHME** | ) | Case No. 06-964-DRH-CJP |
| **and d/b/a MSD SHARP & DOHME** | ) | |
| **GmbH, CVS EDWARDSVILLE IL, LLC,** | ) | **JURY DEMAND** |
| **d/b/a CVS PHARMACY, G.D. SEARLE** | ) | |
| **LLC, PHARMACIA** | ) | |
| **CORPORATION, MONSANTO** | ) | |
| **COMPANY, PFIZER INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS G.D. SEARLE LLC, PHARMACIA CORPORATION,**</u>
<u>**AND PFIZER INC.'S ANSWERS TO COMPLAINT**</u>

NOW COME Defendants G.D. Searle LLC, Pharmacia Corporation f/k/a

Monsanto Company that was organized in 1933 (improperly captioned in Plaintiff's Complaint

as "Monsanto Company"), and Pfizer Inc. (collectively "Defendants"), and for their answer to

Plaintiff's Complaint state as follows:

1.      The allegations contained in Paragraph 1 of Plaintiff's Complaint are not directed to

Defendants and therefore no response is required.  To the extent a response is deemed necessary,

Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint are not directed to

Defendants and therefore no response is required.  To the extent a response is deemed necessary,

Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     The allegations contained in Paragraph 3 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     The allegations contained in Paragraph 4 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    The allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    The allegations contained in Paragraph 24 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    The allegations contained in Paragraph 26 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint, including subparts (a) through (g), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     The allegations contained in Paragraph 38 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.    The allegations contained in Paragraph 55 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.    The allegations contained in Paragraph 56 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.    The allegations contained in Paragraph 57 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.    The allegations contained in Paragraph 58 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.    The allegations contained in Paragraph 59 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    The allegations contained in Paragraph 60 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    The allegations contained in Paragraph 61 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     The allegations contained in Paragraph 62 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 62 as though fully rewritten herein.

64.     The allegations contained in Paragraph 64 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     The allegations contained in Paragraph 65 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     The allegations contained in Paragraph 67 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 1</u>:

Defendants deny that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 1 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 1.

68.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 67 as though fully rewritten herein.

69.    The allegations contained in Paragraph 69 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.    The allegations contained in Paragraph 70 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.    The allegations contained in Paragraph 71 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.    The allegations contained in Paragraph 72 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 2</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 2 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 2.

73.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 72 as though fully rewritten herein.

74.     The allegations contained in Paragraph 74 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     The allegations contained in Paragraph 75 of Plaintiff's Complaint, including subparts (a) through (p), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     The allegations contained in Paragraph 77 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 3:

        Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 3 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 3.

78.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 77 as though fully rewritten herein.

79.     The allegations contained in Paragraph 79 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.    The allegations contained in Paragraph 80 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.    The allegations contained in Paragraph 81 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.    The allegations contained in Paragraph 82 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 4</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 4 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 4.

83.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 82 as though fully rewritten herein.

84.    The allegations contained in Paragraph 84 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.    The allegations contained in Paragraph 85 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     The allegations contained in Paragraph 86 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     The allegations contained in Paragraph 87 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     The allegations contained in Paragraph 88 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     The allegations contained in Paragraph 89 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     The allegations contained in Paragraph 90 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 5</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 5 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 5.

91.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 90 as though fully rewritten herein.

92.    The allegations contained in Paragraph 92 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.    The allegations contained in Paragraph 93 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.    The allegations contained in Paragraph 94 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.    The allegations contained in Paragraph 95 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 6</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 6 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 6.

96.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 95 as though fully rewritten herein.

97.    The allegations contained in Paragraph 97 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.    The allegations contained in Paragraph 98 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.    The allegations contained in Paragraph 99 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    The allegations contained in Paragraph 100 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    The allegations contained in Paragraph 101 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    The allegations contained in Paragraph 102 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    The allegations contained in Paragraph 103 of Plaintiff's Complaint, including subparts (a) through (c), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    The allegations contained in Paragraph 104 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    The allegations contained in Paragraph 105 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    The allegations contained in Paragraph 106 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 7</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 7 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 7.

107.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 106 as though fully rewritten herein.

108.    The allegations contained in Paragraph 108 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    The allegations contained in Paragraph 109 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.    The allegations contained in Paragraph 110 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.    The allegations contained in Paragraph 111 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 8</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 8 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 8.

112.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 111 as though fully rewritten herein.

113.    The allegations contained in Paragraph 113 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.    The allegations contained in Paragraph 114 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.    The allegations contained in Paragraph 115 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.    The allegations contained in Paragraph 116 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.    The allegations contained in Paragraph 117 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.    The allegations contained in Paragraph 118 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 9</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 9 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 9.

119.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 118 as though fully rewritten herein.

120.    The allegations contained in Paragraph 120 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.    The allegations contained in Paragraph 121 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.    The allegations contained in Paragraph 122 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.    The allegations contained in Paragraph 123 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 10</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 10 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 10.

124.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 123 as though fully rewritten herein.

125.    The allegations contained in Paragraph 125 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    The allegations contained in Paragraph 126 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.    The allegations contained in Paragraph 127 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.    The allegations contained in Paragraph 128 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.    The allegations contained in Paragraph 129 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.    The allegations contained in Paragraph 130 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.    The allegations contained in Paragraph 131 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.    The allegations contained in Paragraph 132 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 132 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 11</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 11 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 11.

133.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 132 as though fully rewritten herein.

134.    The allegations contained in Paragraph 134 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.    The allegations contained in Paragraph 135 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.    The allegations contained in Paragraph 136 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.    The allegations contained in Paragraph 137 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 12</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 12 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 12.

138.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 137 as though fully rewritten herein.

139.    The allegations contained in Paragraph 139 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.    The allegations contained in Paragraph 140 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.    The allegations contained in Paragraph 141 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.    The allegations contained in Paragraph 142 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.    The allegations contained in Paragraph 143 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.    The allegations contained in Paragraph 144 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 144 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 13</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 13 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 13.

145.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 144 as though fully rewritten herein.

146.    The allegations contained in Paragraph 146 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.     The allegations contained in Paragraph 147 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.     The allegations contained in Paragraph 148 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.     The allegations contained in Paragraph 149 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 14</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 14 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 14.

150.     Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in Paragraph 150 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.  Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny all remaining or inconsistent allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.    Defendants acknowledge that Plaintiff is seeking damages for personal injuries and wrongful death but deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in Paragraph 151 of Plaintiff's Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's decedent's alleged ingestion of Celebrex®, and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 151 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

152.    Defendants admit that G.D. Searle LLC ("Searle") is a Delaware limited liability company with its principal place of business in Illinois and that it is registered to do business in Illinois.  Defendants admit that Searle may be served through its registered agent.  Searle's sole member is Pharmacia & Upjohn Company LLC, which is a limited liability company whose sole member is Pharmacia Corporation which is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey.  Defendants admit that, during certain times, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.    Defendants admit that Pharmacia Corporation ("Pharmacia") is a corporation existing under the laws of the State of Delaware.  Defendants admit that, during certain times, Pharmacia marketed Celebrex® in the United States for the indications set forth in the FDA-approved package insert and as permitted by law.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®.  2000 Monsanto is not and has never been the parent of either Searle or Pharmacia.  As 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Celebrex®, Defendants state, therefore, that 2000 Monsanto is not a proper party in this matter.  Defendants deny the remaining allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.    Defendants admit that Pfizer Inc. ("Pfizer") is a Delaware corporation with its principal place of business in the State of New York.  Defendants admit that, during certain times, Pfizer marketed and co-promoted Celebrex® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.    Defendants admit that Celebrex® has been approved by the FDA for the following indications: (1)  for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrheal; (5) to reduce the number of adenomatous colectoral polyps in patients with familial adenomatous polyposis, as an adjunct to usual care (*e.g.*, endoscopic surveillance, surgery); and (6) for the relief of the signs and symptoms of

ankylosing spondylitis.  Defendants admit that, during certain times, Pharmacia marketed

Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and

distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny

misrepresenting the safety and effectiveness of Celebrex®.  Defendants state that Celebrex® was

and is safe and effective when used in accordance with its FDA-approved prescribing

information.  Defendants deny all remaining or inconsistent allegations contained in Paragraph

156 of Plaintiff's Complaint.

157.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer

marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®,

and that Celebrex® was manufactured for Searle.  Defendants deny misrepresenting the safety

and effectiveness of Celebrex®.  Defendants state that Celebrex® was and is safe and effective

when used in accordance with its FDA-approved prescribing information.  Defendants deny all

remaining or inconsistent allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover

any of the relief requested in Paragraph 158 of Plaintiff's Complaint and specifically deny that

Celebrex® caused injury to Plaintiff's decedent.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 159 concerning Plaintiff's decedent's prescription, use, or

medical condition, and therefore deny the same.  Defendants deny all remaining or inconsistent

allegations contained in Paragraph 159 of Plaintiff's Complaint and specifically deny that

Celebrex® caused injury to Plaintiff's decedent.

160.    Defendants state that, during certain times, Pharmacia marketed Celebrex®, Pfizer

marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®,

and that Celebrex® was manufactured for Searle. Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations contained in Paragraph 160 of Plaintiff's Complaint and specifically deny any "wrongful conduct."

161.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny all remaining or inconsistent allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint. Defendants. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

163.    Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

164.    Paragraph 164 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.    Paragraph 165 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed

and distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny

all remaining or inconsistent allegations contained in Paragraph 165 of Plaintiff's Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.    Paragraph 167 contains a legal conclusion to which no response is required.  To the

extent a response is necessary, Defendants deny the allegations contained in Paragraph 167 of

Plaintiff's Complaint.

168.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1

through 167 as though fully rewritten herein.

169.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer

marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®,

and that Celebrex® was manufactured for Searle.  Defendants deny all remaining or inconsistent

allegations contained in Paragraph 169 of Plaintiff's Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of Plaintiff's Complaint and

specifically deny that Celebrex® was or is "defective in design" or "unreasonably dangerous."

Defendants state that Celebrex® was and is safe and effective when used in accordance with its

FDA-approved prescribing information.

171.    Defendants deny the allegations contained in Paragraph 171 of Plaintiff's Complaint and

specifically deny that Celebrex® was or is "defective."  Defendants state that Celebrex® was

and is safe and effective when used in accordance with its FDA-approved prescribing

information.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 172 concerning Plaintiff's decedent's alleged use of

Celebrex® and therefore deny the same.  Defendants deny the remaining allegations contained in

Paragraph 172 of Plaintiff's Complaint and specifically deny that Celebrex has "dangerous propensities." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

173.     Defendants deny the allegations contained in Paragraph 173 of Plaintiff's Complaint, deny that Celebrex® is "defective" or has a "dangerous design," and deny that Celebrex® caused injury to Plaintiff's decedent.

174.     Defendants deny the allegations contained in Paragraph 174 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

175.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same. Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 15</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 15 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 15.

176.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 175 as though fully rewritten herein.

177.     Defendants deny the allegations contained in Paragraph 177 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

178.     Defendants deny the allegations contained in Paragraph 178 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

179.     Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

180.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 16</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 16 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 16.

181.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 180 as though fully rewritten herein.

182.     Defendants deny the allegations contained in Paragraph 182 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

183.     Defendants deny the allegations contained in Paragraph 183 of Plaintiff's Complaint and specifically deny that Celebrex® had "dangerous characteristics" or is an "unreasonably

dangerous defective product." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

184. Defendants deny the allegations contained in Paragraph 184 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

185. Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186. Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

187. Defendants deny the allegations contained in Paragraph 187 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

188. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 concerning Plaintiff's decedent's alleged use of

Celebrex® and therefore deny the same. Defendants deny all remaining or inconsistent allegations contained in Paragraph 188 of Plaintiff's Complaint.

189.    Defendants deny the allegations contained in Paragraph 189 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

190.    Defendants deny the allegations contained in Paragraph 190 of Plaintiff's Complaint.

191.    Defendants deny the allegations contained in Paragraph 191 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

192.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same. Defendants deny that there is any factual or legal basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 17</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 17 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 17.

193.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 192 as though fully rewritten herein.

194.    Defendants deny the allegations contained in Paragraph 194 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

195.    Defendants deny the allegations contained in Paragraph 195 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

196.    Defendants deny that there is any factual or legal basis that entitles Plaintiff to recovery.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any factual or legal basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 18</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 18 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 18.

198.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 197 as though fully rewritten herein.

199.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 199 of Plaintiff's Complaint.

200.    Defendants deny the allegations contained in Paragraph 200 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective in design" or "unreasonably dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

201.    Defendants deny the allegations contained in Paragraph 201 of Plaintiff's Complaint and specifically deny that Celebrex® was or is defective in design or "dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

202.    Defendants deny the allegations contained in Paragraph 202 of Plaintiff's Complaint.

203.    Defendants deny the allegations contained in Paragraph 203 of Plaintiff's Complaint.

204.    Defendants deny the allegations contained in Paragraph 204 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

205.    Defendants deny the allegations contained in Paragraph 205 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same. Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 19</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 19 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 19.

207.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 206 as though fully rewritten herein.

208.    Defendants deny the allegations contained in Paragraph 208 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

209.     Defendants deny the allegations contained in Paragraph 209 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

210.     Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

211.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 20</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 20 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 20.

212.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 211 as though fully rewritten herein.

213.     Defendants deny the allegations contained in Paragraph 213 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

214.     Defendants deny the allegations contained in Paragraph 214 of Plaintiff's Complaint, including subparts (A) through (E).  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its

FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

215.    Defendants deny the allegations contained in Paragraph 215 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

216.    Defendants deny the allegations contained in Paragraph 216 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

217.    Defendants deny the allegations contained in Paragraph 217 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

218.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 21</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 21 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 21.

219.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 218 as though fully rewritten herein.

220.    Defendants deny the allegations contained in Paragraph 220 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

221.    Defendants deny the allegations contained in Paragraph 221 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

222.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

223.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same. Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

## RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 22:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 22 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 22.

224.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 223 as though fully rewritten herein.

225.    Defendants deny the allegations contained in Paragraph 225 of Plaintiff's Complaint and specifically deny any "conceal[ment] or omi[ssions]." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

226.     Defendants deny the allegations contained in Paragraph 226 of Plaintiff's Complaint and specifically deny any "omissions."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

227.     Defendants deny the allegations contained in Paragraph 227 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

228.     Defendants deny the allegations contained in Paragraph 228 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

229.     Defendants deny the allegations contained in Paragraph 229 of Plaintiff's Complaint and specifically deny any "concealment."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

230.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of "duty to speak" and therefore deny the same.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 230 of Plaintiff's Complaint.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.

231.    Defendants deny the allegations contained in Paragraph 231 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

232.    Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of "the information," and therefore deny the same.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 232 of Plaintiff's Complaint.

233.    Defendants deny the allegations contained in Paragraph 233 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

234.    Defendants deny the allegations contained in Paragraph 234 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

235.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 concerning Plaintiff's decedent's or Plaintiff's decedent's physician's knowledge, and therefore deny the same.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 235 of Plaintiff's Complaint.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.

236.    Defendants deny the allegations contained in Paragraph 236 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

237.    Defendants deny the allegations contained in Paragraph 237 of Plaintiff's Complaint.

238.    Defendants deny the allegations contained in Paragraph 238 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

239.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 23</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 23 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 23.

240.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 239 as though fully rewritten herein.

241.    Defendants deny the allegations contained in Paragraph 241 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

242.    Defendants deny the allegations contained in Paragraph 242 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

243.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

244.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 24</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 24 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 24.

245.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 244 as though fully rewritten herein.

246.    Defendants deny the allegations contained in Paragraph 246 of Plaintiff's Complaint and specifically deny any "false representations" or "omissions."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

247.    Defendants deny the allegations contained in Paragraph 247 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

248.    Defendants deny the allegations contained in Paragraph 248 of Plaintiff's Complaint and specifically deny any "false representations" or "omissions."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

249.    Defendants deny the allegations contained in Paragraph 249 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

250.    Defendants deny the allegations contained in Paragraph 250 of Plaintiff's Complaint.

251.    Defendants deny the allegations contained in Paragraph 251 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

252.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 25</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 25 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 25.

253.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 252 as though fully rewritten herein.

254.    Defendants deny the allegations contained in Paragraph 254 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

255.    Defendants deny the allegations contained in Paragraph 255 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

256.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

257.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 26</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 26 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 26.

258.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 257 as though fully rewritten herein.

259.    Defendants deny the allegations contained in Paragraph 259 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

260.    Defendants deny the allegations contained in Paragraph 260 of Plaintiff's Complaint.

261.    Defendants deny the allegations contained in Paragraph 261 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.  Defendants state that

Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

262.    Defendants deny the allegations contained in Paragraph 262 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "dangerous" or "defective," and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

263.    Defendants deny the allegations contained in Paragraph 263 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective."

264.    Defendants deny the allegations contained in Paragraph 264 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

265.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 27</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 27 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 27.

266.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 265 as though fully rewritten herein.

267.    Defendants deny the allegations contained in Paragraph 267 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

268.    Defendants deny the allegations contained in Paragraph 268 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

269.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

270.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 28</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 28 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 28.

271.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 270 as though fully rewritten herein.

272.    Defendants admit that Celebrex® has been approved by the FDA for the following indications: (1)  for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrheal; (5) to reduce the number of adenomatous colectoral polyps in patients with familial adenomatous polyposis, as an adjunct to usual care (*e.g.*, endoscopic surveillance, surgery); and (6) for the relief of the signs and symptoms of ankylosing spondylitis.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 272 of Plaintiff's Complaint.

273.    Defendants deny the allegations contained in Paragraph 273 of Plaintiff's Complaint.

274.    Defendants deny the allegations contained in Paragraph 274 of Plaintiff's Complaint and specifically deny any false representations.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

275.    Defendants deny the allegations contained in Paragraph 275 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

276.    Defendants deny the allegations contained in Paragraph 276 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

277.    Defendants deny the allegations contained in Paragraph 277 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

278.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 29</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 29 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 29.

279.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 278 as though fully rewritten herein.

280.    Defendants deny the allegations contained in Paragraph 280 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

281.    Defendants deny the allegations contained in Paragraph 281 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

282.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

283.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 30</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 30 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 30.

284.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 283 as though fully rewritten herein.

285.    Defendants deny the allegations contained in Paragraph 285 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

286.    Defendants deny the allegations contained in Paragraph 286 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

287.    Defendants deny the allegations contained in Paragraph 287 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

288.    Defendants deny the allegations contained in Paragraph 288 of Plaintiff's Complaint, including subparts (A) through (E).  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

289.    Defendants deny the allegations contained in Paragraph 289 of Plaintiff's Complaint and specifically deny any "misrepresentations" or "omissions."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

290.    Defendants deny the allegations contained in Paragraph 290 of Plaintiff's Complaint and specifically deny any "misrepresentations" or "active concealment."  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

291.    Defendants deny the allegations contained in Paragraph 291 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

292.    Defendants deny the allegations contained in Paragraph 292 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

293.    Defendants deny the allegations contained in Paragraph 293 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

294.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 294 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 31</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 31 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 31.

295.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 294 as though fully rewritten herein.

296.    Defendants deny the allegations contained in Paragraph 296 of Plaintiff's Complaint and specifically deny that Celebrex®  caused injury to Plaintiff's decedent.

297.    Defendants deny the allegations contained in Paragraph 297 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

298.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

299.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 299 concerning Plaintiff's relationship to Robert Smith, Sr. or

Plaintiff's capacity to bring this lawsuit and therefore deny the same. Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 32</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 32 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 32.

300.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 299 as though fully rewritten herein.

301.    Defendants deny the allegations contained in Paragraph 301 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective" or "unreasonably dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

302.    Defendants deny the allegations contained in Paragraph 302 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

303.    Defendants deny the allegations contained in Paragraph 303 of Plaintiff's Complaint and specifically deny that Celebrex® was a "defective product" and that Celebrex® caused injury to Plaintiff's decedent.

304.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 33:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 33 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 33.

305.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 304 as though fully rewritten herein.

306.    Defendants deny the allegations contained in Paragraph 306 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

307.    Defendants deny the allegations contained in Paragraph 307 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

308.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

309.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 concerning Plaintiff's relationship to Robert Smith, Sr. or Plaintiff's capacity to bring this lawsuit and therefore deny the same.  Defendants deny that there is any legal or factual basis that entitles Plaintiff to recovery.

RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 34:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph

in Count 34 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 34.

310. Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 309 as though fully rewritten herein.

311. Defendants deny the allegations contained in Paragraph 311 of Plaintiff's Complaint and specifically deny that Celebrex® had or has "substantial dangers."

312. Defendants deny the allegations contained in Paragraph 312 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

313. Defendants deny the allegations contained in Paragraph 313 of Plaintiff's Complaint, including subparts (a) through (e). Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

314. The allegations contained in Paragraph 314 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 314 of Plaintiff's Complaint.

315. The allegations contained in Paragraph 315 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 315 of Plaintiff's Complaint.

RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 35:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 35 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 35.

316.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 315 as though fully rewritten herein.

317.     Defendants deny the allegations contained in Paragraph 317 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

318.     The allegations contained in Paragraph 318 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 318 of Plaintiff's Complaint.

319.     The allegations contained in Paragraph 319 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 319 of Plaintiff's Complaint.

320.     The allegations contained in Paragraph 320 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 320 of Plaintiff's Complaint.

RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 36:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 36 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 36.

321.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 320 as though fully rewritten herein.

322.    Defendants deny the allegations contained in Paragraph 322 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective" or "dangerous."

323.    Defendants deny the allegations contained in Paragraph 323 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

324.    Defendants deny the allegations contained in Paragraph 324 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

325.    The allegations contained in Paragraph 325 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 325 of Plaintiff's Complaint.

326.    The allegations contained in Paragraph 326 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 326 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 37</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 37 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 37.

327.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 326 as though fully rewritten herein.

328.    Defendants deny the allegations contained in Paragraph 328 and specifically deny that Celebrex® caused injury to Plaintiff's decedent.

329.    The allegations contained in Paragraph 329 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 329 of Plaintiff's Complaint.

330.    The allegations contained in Paragraph 330 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 330 of Plaintiff's Complaint.

331.    The allegations contained in Paragraph 331 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 331 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 38</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 38 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 38.

332.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 332 of Plaintiff's Complaint concerning Plaintiff's relationship to decedent, and therefore deny the same.

333.    Defendants deny the allegations contained in Paragraph 333 of Plaintiff's Complaint.

334.    Defendants deny the allegations contained in Paragraph 334 of Plaintiff's Complaint.

<u>RESPONSE TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 39</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 39 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 39.

<u>RESPONSE TO UNNUMBERED "PRAYER FOR RELIEF AS TO ALL COUNTS"</u>:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the unnumbered prayer for relief.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the prayer for relief, including subparts (a) through (e).

## <u>ADDITIONAL DEFENSES</u>

By asserting the following affirmative defenses, Defendants do not allege or admit they have the burden of proof and/or the burden of persuasion with respect to any of these matters:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.       Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

3.      The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

4.      The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

5.      The claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

6.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Defendants, and for whose conduct Defendants are not responsible, or with whom Defendants have no legal relation or legal duty to control.

7.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiff in failing to exercise due and proper care under the existing circumstances and conditions, and his damages, if any, are barred or reduced by the doctrines of contributory or comparative negligence.

8.      If Plaintiff's decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on their behalf.

9.      The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

10.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

11.     Plaintiff's claims are barred because his decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff's decedent, and were independent of or far removed from Defendants' conduct.

12.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by unforeseeable idiosyncratic reactions of Plaintiff.

13.     Plaintiff's claims are barred by the doctrines contained in the Restatement (Second) Torts §402(A), Comment j, Restatement (Second) Torts §402(A), Comment k, and/or Restatement (Third) of Torts:  Products Liability §§ 4 *et. seq.* and 6.

14.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff's decedent.

15.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

16.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

17.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

18.    The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® was not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

19.    The claims must be dismissed because Plaintiff's decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

20.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

21.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

22.    The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and/or this Act is not applicable to this matter and/or to this Plaintiff.

23.    Plaintiff's damages, if any, are limited by the failure to mitigate by Plaintiff.

24.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

25.    The liability of Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

26.     Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

27.     Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.*, the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

28.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

29.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

30.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

31.     If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the

risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation sold by Defendants or other sellers.

32.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

33.     Plaintiff's claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

34.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

35.     Defendants reserve the right to assert any additional defense which might come to its attention or might be developed during the pendency of this action.

36.     Plaintiff's claims are barred in whole or part because they have been filed in an improper venue.

## JURY DEMAND

Defendants hereby demand a jury trial on all issues so triable in this action.


Dated:  November 22, 2006           By:   /s/ Robert H. Shultz, Jr.
                                    HEYL, ROYSTER, VOELKER & ALLEN
                                    Robert H. Shultz, Jr. - #03122739
                                    103 West Vandalia Street, Suite 100
                                    Edwardsville, Illinois  62025
                                    (618) 656-4646
                                    **Attorneys for G.D. Searle LLC,**
                                    **Pharmacia Corporation f/k/a Monsanto**
                                    **Company that was organized in 1933**
                                    **(improperly captioned in Plaintiff's**
                                    **Complaint as "Monsanto Company"),**
                                    **and Pfizer Inc.**


## CERTIFICATE OF SERVICE

I hereby certify that on **November 22, 2006**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

**Aaron K. Dickey -** Aaron@gmhalaw.com.
**Robert Rowland -** rrowland@ghalaw.com
**Dan H. Ball -** dhball@bryancave.com
**Randy J. Soriano -** rjsoriano@bryancave.com
**Robert T. Ebert -** rtebert@bryancave.com
**Stephen G. Strauss -** sgstrauss@bryancave.com


 /s/ Robert H. Shultz, Jr.
HEYL, ROYSTER, VOELKER & ALLEN